IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CRYSTAL SHELTON, et al.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. **PJM 10-2358** |
| | * | |
| **SAFEWAY, INC.** | * | |
| | * | |
| Defendant | * | |

## **MEMORANDUM OPINION**

*Pro se* Plaintiffs Crystal Shelton and Erik Dixon have sued grocer Safeway, Inc. ("Safeway"), alleging negligence, false arrest, and assault, among other torts. Safeway has filed a Motion for Partial Dismissal [Paper No. 20] and a Second Motion for Partial Dismissal [Paper No. 25], neither of which has provoked a response from Plaintiffs. For the reasons that follow, the two Motions for Partial Dismissal, which the Court construes in tandem as a motion for judgment on the pleadings, are **GRANTED IN PART AND DENIED IN PART**. In addition, Plaintiffs are ordered to **SHOW CAUSE** in writing, within **20 DAYS** of the date of this Opinion, as to why their lawsuit should not be dismissed with prejudice for failure to prosecute.

**I.**

The disposition of the motions that remain pending in this case will require a somewhat detailed recitation of the case's procedural history.

Plaintiff Crystal Shelton is a resident of the District of Columbia. Plaintiff Erik Dixon is a resident of the state Maryland. Defendant Safeway, which operates numerous supermarkets in Maryland and elsewhere, is a Delaware corporation that maintains its principal place of business

in California.[1] On August 9, 2010, Plaintiffs, who were represented by counsel at the time, filed the instant lawsuit in the Circuit Court for Prince George's County, Maryland, claiming various torts arising out of an alleged wrongful detention at a Safeway store in District Heights, Maryland on April 14, 2008. On August 26, 2010, Safeway removed the lawsuit to this Court.

Shortly after removal, Safeway filed a Motion for More Definite Statement, in which it argued that Plaintiffs' original four-count Complaint was "so vague or ambiguous that [Safeway] [could not] reasonably prepare a response," and that the Court should therefore order Plaintiffs to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). After concluding that Plaintiffs' Complaint did not clearly articulate the causes of action asserted and the factual allegations in support thereof, the Court granted the Motion on October 15, 2010.

On November 5, 2010, Plaintiffs filed a First Amended Complaint, in which they added two counts and supplemented their allegations with some additional factual background. Also, to a limited degree, the Amended Complaint more clearly articulated the causes of action supporting Plaintiffs' claims. A few weeks after Plaintiffs filed their Amended Complaint, Safeway filed a Motion for Partial Dismissal [Paper No. 20], in which it argues that four of Plaintiffs' six claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[2]

---

[1] The Court has jurisdiction over this lawsuit pursuant to the federal diversity statute. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States.").

[2] Safeway's Motion for Partial Dismissal [Paper No. 20] argues for dismissal of Counts I, II, V, and VI of the Amended Complaint. It also argues for dismissal of Count III to the extent that that count asserts a claim of false arrest or imprisonment. Contemporaneously with its Motion for Partial Dismissal, Safeway filed a Partial Answer [Paper No. 19], in which it denies liability for negligence (as asserted in Count III) and negligent hiring, training, selection, or supervision (asserted in Count IV). In short, then, Safeway's original Motion for Partial Dismissal argues for dismissal of all of Plaintiffs' claims—except those asserting some variety of negligence, which Safeway denies in its Partial Answer.

On December 20, 2010, the Court of Appeals of Maryland disbarred Plaintiffs' attorney, David E. Fox. *See Attorney Grievance Comm'n of Md. v. Fox*, 11 A.3d 762, 785 (Md. 2010).[3] On January 14, 2011, after Plaintiffs' counsel formally withdrew from the case, the Court issued a letter to Plaintiffs in which it informed them that their attorney was no longer a member of the Bar of Maryland or of this Court and advised them to retain new counsel as soon as possible, especially given that the Court was scheduled to hear oral argument on Safeway's Motion for Partial Dismissal on April 25, 2011. The Court also advised Plaintiffs that they would proceed on a *pro se* basis for as long as they remained unrepresented.

Approximately two months later, on March 8, 2011, Safeway filed a Second Motion for Partial Dismissal [Paper No. 25], in which it argues that the two counts not addressed in its first Motion should also be dismissed for failure to state a claim upon which relief can be granted.[4] After noting that Plaintiffs had not yet retained new counsel and had not responded to either of Safeway's pending Motions for Partial Dismissal, the Court issued an Order dated April 12, 2011, which read, in pertinent part, as follows:

> Given that Plaintiffs have not filed papers in this case since November 5, 2010, and given that Plaintiffs have failed to respond to the Court's letter of January 14, 2011 and Safeway's two motions to dismiss, the Court will **CANCEL** the motions hearing scheduled for Monday, April 25, 2011. Plaintiffs shall have **20 DAYS** from the date of entry of this Order to file a response to Safeway's

---

[3] The Court of Appeals disbarred Fox for, among other things, "abandonment of his clients, misrepresentation, and failure to cooperate with Bar Counsel's investigation . . . ." *Fox*, 11 A.3d at 785.

[4] As discussed in footnote 2, *supra*, Safeway does not argue for the dismissal of Plaintiffs' negligence claims in its first Motion for Partial Dismissal, but rather denies them in its Partial Answer. However, in its Second Motion for Partial Dismissal [Paper No. 25], Safeway argues that those claims should also be dismissed for failure to state a claim. Notably, Safeway does not address the reality that, pursuant to Rule 12(b), a defense of failure to state a claim must be made before pleading. *See* Fed. R. Civ. P. 12(b) (noting that a 12(b)(6) defense "must be made before pleading if a responsive pleading is allowed"). Accordingly, and for reasons that will be discussed in greater detail *infra*, the Court will construe Safeway's two Motions for Partial Dismissal in tandem as a motion for judgment on the pleadings brought pursuant to Rule 12(c).

motions to dismiss. Should Plaintiffs fail to respond to the motions within that timeframe, the Court will rule on the motions without a response from Plaintiffs.

As of today, more than a month after the Court issued its Order of April 12, 2011, Plaintiffs have not filed a response to either of Safeway's pending Motions for Partial Dismissal, nor have they filed papers in this case or given some other indication that they plan to continue to prosecute this lawsuit. Indeed, other than Plaintiffs' counsel's Line of Withdrawal dated January 10, 2011, Plaintiffs have not filed papers in this case since November 5, 2010—some six months ago.

**II.**

In their Amended Complaint, Plaintiffs allege the following facts:[5]

On April 14, 2008, Plaintiffs, accompanied by family members, visited a Safeway store in District Heights, Maryland. As Plaintiffs were approaching the store's checkout counters, a security guard who was an "agent and/or employee and/or contractor" of Safeway approached Plaintiffs and, in a loud voice, accused them of shoplifting and ordered them not to leave—all in front of members of Plaintiffs' party and other customers. The guard then grabbed "Shelton's arm with force" and, despite Shelton's repeated denials of any wrongdoing, attempted to lead her away to "another room." At the time of their confrontation with the security guard, Plaintiffs had engaged in no wrongdoing, had made no effort to leave the store, and had done nothing that might have given the guard reason to believe that they "had concealed any goods with the intent to steal." In addition, Shelton voluntarily demonstrated to the guard that she had not concealed any merchandise in her purse, in her clothing, or elsewhere. Plaintiffs further allege that,

---

[5] At this stage of the litigation, the Court accepts as true all well-pleaded allegations in the Amended Complaint. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

throughout the course of the events at issue, the security guard "was acting within the scope of his/her employment as an agent[,] employee[,] or contractor of . . . Safeway."

As noted *supra*, Plaintiffs' Amended Complaint contains six counts, some of which are more articulately pled than others. In Count I, Plaintiffs allege that Safeway caused them "undue, unwarranted, and unwelcome embarrassment and ridicule in front of friends, neighbors, and family." In Count II, Plaintiffs claim that Safeway exposed them "to a painful and serious situation of ridicule, derision, and lack of esteem." Count III alleges negligence and false arrest. Count IV alleges negligent hiring, training, or supervision. Count V alleges assault. Finally, Count VI alleges, pursuant to 42 U.S.C. § 1983, that Safeway violated Plaintiffs' constitutional rights by acting under "an understanding or customary procedure with law enforcement authorities." All told, Plaintiffs seek some $300,000 in compensatory and punitive damages.

## III.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleading standard that Rule 8 announces does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation and quotation marks omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citation and quotation marks omitted).

A motion to dismiss pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer. *See* Fed. R. Civ. P. 12(b) (noting that a 12(b)(6) defense "must be made before pleading if a responsive pleading is allowed"). However, a failure to submit a 12(b)(6) defense before pleading is not fatal because a defendant retains the right to raise the defense of failure to state a claim after the pleadings are closed by filing a motion for judgment on the pleadings pursuant to Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B). To avoid the elevation of form over substance, a court may construe an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *Satkowiak v. Bay County Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002); *Asafo-Adjei v. First Sav. Mortgage Corp.*, Civil No. RWT 09-2184, 2010 U.S. Dist. LEXIS 16986, at *2-3 (D. Md. Feb. 25, 2010).

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P 12(c). When considering a motion for judgment on the pleadings, a court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th

Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the well-pled factual allegations in the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. *Pledger v. N.C. Dep't of Health and Human Servs.*, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998).

Finally, federal courts are charged with liberally construing complaints filed by *pro se* litigants. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, this standard of liberal construction does not mean that a court may construct a claim out of whole cloth if the plaintiff fails to supply the necessary facts or a cognizable theory in support of a claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Indeed, even a *pro se* plaintiff is not exempt from the requirement that his complaint must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Walden v. Allstate Ins. Co.*, 388 F. App'x 223, 224 (3d Cir. 2010).

**IV.**

In its initial Motion for Partial Dismissal [Paper No. 20], Safeway argues that Counts I (embarrassment and ridicule), II (ridicule and derision), V (assault), and VI (§ 1983) of the Amended Complaint should be dismissed, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. It further argues that the false arrest component of Count III (negligence and false arrest) should be dismissed for the same reason.

In its Second Motion for Partial Dismissal [Paper No. 25], Safeway renews the arguments presented in its initial Motion. It further argues that the negligence component of Count III (negligence and false arrest) and all of Count IV (negligent hiring, training, or supervision) should also be dismissed for failure to state a claim. Thus, between its two pending Motions for

Partial Dismissal, Safeway argues that Plaintiffs' lawsuit should be dismissed in its entirety. As noted *supra*, Plaintiffs have not responded to either of Safeway's Motions.

As an initial matter, the Court notes that Safeway's Second Motion for Partial Dismissal, which Safeway filed some three months after the filing of its Partial Answer, is untimely. *See* Fed. R. Civ. P. 12(b) (noting that a 12(b)(6) defense "must be made before pleading if a responsive pleading is allowed"). The Court will therefore construe Safeway's two Motions for Partial Dismissal in tandem as a Rule 12(c) motion for judgment on the pleadings. *See, e.g.*, *Edwards*, 178 F.3d at 243 (noting that a Rule 12(b)(6) motion filed after the filing of an answer should be viewed as a Rule 12(c) motion for judgment on the pleadings); *see also* Fed. R. Civ. P. 12(h)(2)(B) (noting that a defendant retains the right to raise the defense of failure to state a claim after the pleadings are closed by filing a motion for judgment on the pleadings pursuant to Rule 12(c)).

In addition, the Court preliminarily notes that, in light of Plaintiffs' current *pro se* status and the inopportune disbarment of their attorney, the Court will afford them a certain degree of liberal construction as it considers the sufficiency of their pleadings. *See Erickson*, 551 U.S. at 94. While it is true that Plaintiffs were represented by counsel when their Complaint and Amended Complaint were drafted and filed, it is equally true that they currently have no representation in this lawsuit, and that the circumstances surrounding their attorney's disbarment reasonably call the quality of his representation into question. Thus, in the Court's view, Plaintiffs should be granted a certain degree of leeway at this juncture—even if not quite as much as a *pro se* litigant might typically receive.

All that said, the Court nevertheless concludes, for the reasons that follow, that several—though not all—of Plaintiffs' claims must be dismissed outright for failure to state a claim.

# V.

In Count I of their Amended Complaint, Plaintiffs allege that Safeway's actions, and those of its agents, employees, and/or contractors, caused them "undue, unwarranted, and unwelcome embarrassment and ridicule in front of friends, neighbors, and family." Similarly, in Count II, Plaintiffs allege that Safeway exposed them to "a painful and serious situation of ridicule, derision, and lack of esteem." In Safeway's view, both of these counts should be dismissed because, standing alone, they do not constitute legally cognizable claims. Moreover, Safeway notes that both counts remain unchanged from the original Complaint—despite the fact that the Court gave Plaintiffs ample opportunity to cure any deficiencies when it granted Safeway's Motion for More Definite Statement.

The Court largely agrees with Safeway that, without more, Counts I and II do not constitute legally cognizable claims. At the same time, however, affording the Amended Complaint a certain degree of liberal construction, the Court concludes that those counts—when combined with factual allegations presented elsewhere in the Amended Complaint—are sufficient to make out a claim for slander.

In Maryland, the elements of slander are: "(1) that the defendant made a defamatory communication, [e.g.], that its employee communicated a statement tending to expose the plaintiff to public scorn, hatred, contempt, or ridicule to a third person who reasonably recognized the statement as being defamatory; (2) that the statement was false; (3) that the defendant was at fault in communicating the statement; and (4) that the plaintiff suffered harm." *Henderson v. Claire's Stores, Inc.*, 607 F. Supp. 2d 725, 730 (D. Md. 2009) (citing *Shapiro v. Massengill*, 661 A.2d 202, 216-17 (Md. Ct. Spec. App. 1995)). The fault element may be satisfied either by a showing of actual malice or by a showing of mere negligence, i.e., a failure

to act as a reasonable person under the circumstances. *See Henderson*, 607 F. Supp. 2d at 731. Moreover, courts have held that an accusation of shoplifting may constitute slander *per se*, *see Montgomery Ward & Co. v. Cliser*, 298 A.2d 16, 25-26 (Md. 1972), meaning that the injurious character of the words spoken is self-evident and that the plaintiff need not allege or prove special damages, *see Metromedia, Inc. v. Hillman*, 400 A.2d 1117, 1118-19 (Md. 1979).

Here, where Plaintiffs have alleged: (1) that an agent or employee of Safeway accused them of shoplifting within earshot of others, (2) that they were not in fact shoplifting, (3) that the security guard acted without justification in accusing them, and (4) that they suffered embarrassment and ridicule as a result of the accusation, it would appear that, assuming the allegations to be true, the elements of a slander claim are satisfied. Accordingly, although the Court will dismiss Count II as duplicative, it will permit Plaintiffs to proceed with a single claim for slander on Count I,[6] provided they timely represent to the Court, in writing, that they intend to continue to prosecute this lawsuit.[7]

---

[6] Count II, which alleges a "painful and serious situation of ridicule, derision, and lack of self-esteem," might theoretically be construed as an attempt to assert a claim of intentional infliction of emotional distress. To prove a claim of intentional infliction of emotional distress in Maryland, a plaintiff must show that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's emotional distress; and (4) the emotional distress was severe. *Caldor, Inc. v. Bowden*, 625 A.2d 959, 963 (Md. 1993). To satisfy the fourth prong—sometimes referred to as the "severity prong"—the plaintiff must show that "he suffered a *severely* disabling emotional response to the defendant's conduct." *Harris v. Jones*, 380 A.2d 611, 616 (Md. 1977) (emphasis in original). Here, where none of the allegations in the Amended Complaint demonstrates anything even approaching "extreme and outrageous" conduct or a "severely disabling emotional response," the Court cannot reasonably conclude that Plaintiffs have stated a plausible claim of intentional infliction of emotional distress. *See Henderson*, 607 F. Supp. 2d at 735 ("For conduct to qualify as extreme and outrageous conduct, it must go beyond all possible bounds of decency, or be atrocious or utterly intolerable in a civilized community.") (internal citation and quotation marks omitted).

[7] Of course, Safeway will retain the right to assert any defenses that it preserved in its Partial Answer, including limitations.

**VI.**

In Count III of their Amended Complaint, Plaintiffs allege that the actions of Safeway's security guard constitute both false arrest and negligence. The Court will consider each in turn.

**A.**

With respect to Plaintiffs' claim of false arrest, the Court concludes that they have alleged facts sufficient to survive a motion for judgment on the pleadings. In Maryland, the elements of false arrest or imprisonment are: (1) the deprivation of the liberty of another; (2) without consent; and (3) without legal justification. *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000). Here, Plaintiffs have alleged: (1) that Safeway's security guard ordered Plaintiffs not to leave the store, grabbed Shelton's arm with force, and attempted to lead Shelton away to another room; (2) that Plaintiffs denied any wrongdoing and made efforts to demonstrate their innocence to the guard; and (3) that they had done nothing that might have given the guard reason to believe that they "had concealed any goods with the intent to steal." The Court is satisfied that, while these allegations may lack detail, they are sufficient to make out a claim of false arrest or imprisonment at this stage of the litigation. *See Silvera v. Home Depot U.S.A., Inc.*, 189 F. Supp. 2d 304, 310 (D. Md. 2002) (noting that a private party who wrongfully detains an individual without probable cause may be liable for false imprisonment).

Safeway argues that the false arrest claim should be dismissed because Plaintiffs have not alleged facts sufficient to demonstrate that the security guard acted without legal justification. The Court disagrees. It is true, of course, that a retail merchant with probable cause to believe that a customer is shoplifting has a complete defense to false imprisonment. *See* Md. Code Ann.,

Cts. & Jud. Proc. § 5-402(a);[8] *see also Silvera*, 189 F. Supp. 2d at 310. Here, however, Plaintiffs have alleged that they did nothing that might have given the guard reason to believe that they "had concealed any goods with the intent to steal." That allegation, the Court concludes, is sufficient for Plaintiffs to hurdle the requirement that they allege sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949.

**B.**

With respect to the negligence component of Count III, however, the Court reaches a different conclusion. The basic elements of a negligence claim are: (1) a duty owed to the plaintiff; (2) a breach of that duty; (3) a causal connection between the breach of duty and the plaintiff's injury; and (4) damages. *May v. Giant Food, Inc.*, 712 A.2d 166, 171 (Md. Ct. Spec. App. 1998). With respect to an owner or occupier of land, a heightened duty is owed to a business invitee, i.e., one invited or permitted to enter the owner or occupier's land for purposes related to the owner or occupier's business. *Tennant v. Shoppers Food Warehouse Corp.*, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997). This heightened duty includes "the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Id.*

---

[8] Section 5-402(a) of the Courts and Judicial Proceedings Article of the Maryland Code reads as follows:

> A merchant or an agent or employee of the merchant who detains or causes the arrest of any person shall not be held civilly liable for detention, slander, malicious prosecution, false imprisonment, or false arrest of the person detained or arrested, whether the detention or arrest takes place by the merchant or by his agent or employee, if in detaining or in causing the arrest of the person, the merchant or the agent or employee of the merchant had, at the time of the detention or arrest, probable cause to believe that the person committed the crime of 'theft,' as prohibited by § 7-104 of the Criminal Law Article, of property of the merchant from the premises of the merchant.

Md. Code Ann., Cts. & Jud. Proc. § 5-402(a).

In the present case, as Safeway notes, Plaintiffs do little more than conclusorily state that "Defendants' acts were negligent." Indeed, they offer virtually no facts that would aid the Court in understanding how Plaintiffs suffered harm resulting from a breach of duty by Safeway. While it is true that the Court has concluded that Plaintiffs have sufficiently pled certain intentional torts on the part of Safeway's security guard, the well-pled intentional tort allegations are, without more, insufficient to support a claim of negligence. *See Gordon v. Hartford Fire Ins. Co.*, 105 F. App'x 476, 483 (4th Cir. 2004) (citing *Golden First Mortgage Corp. v. Berger*, 251 F. Supp. 2d 1132, 1141 (E.D.N.Y. 2003)) (noting that the allegation of numerous intentional torts does not, without more, automatically sustain a claim of negligence). Accordingly, the Court dismisses Count III of the Amended Complaint to the extent that it asserts a claim of negligence.

## VII.

Count IV of the Amended Complaint claims that Safeway was "negligent in the hiring, training, selection, and supervising of employees and agents or contractors." Like Plaintiffs' claim of general negligence, this count must be dismissed for failure to state a claim.

To establish a claim of negligent hiring, retention, or supervision in Maryland, a plaintiff must prove the following five elements: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries. *State v. Jones*, 14 A.3d 1223, 1241 (Md. Ct. Spec. App. 2011). In the present case, Plaintiffs have alleged that a security guard employed by Safeway engaged in various types of tortious conduct, and that Plaintiffs suffered injuries as a result of that conduct. However, as

Safeway argues, Plaintiffs have alleged no facts whatsoever that could plausibly establish that Safeway had knowledge of the guard's alleged incompetence, or that Safeway somehow acted improperly in the hiring or retention of the guard. Accordingly, Count IV of the Amended Complaint fails to state a claim upon which relief can be granted and shall be dismissed.

## VIII.

Count V of the Amended Complaint asserts that the "physical touching and constraint of Plaintiff Shelton by the agents of Defendants constituted assault." Here, the Court concludes that, although the facts alleged by Plaintiffs do not make out a claim of assault, they are sufficient to support a claim of battery.

In Maryland, an assault "is any unlawful attempt to cause a harmful or offensive contact with the person of another or to cause an apprehension of such a contact." *Cont'l Cas. Co. v. Mirabile*, 449 A.2d 1176, 1183 (Md. Ct. Spec. App. 1982). Thus, the tort has two essential elements: (1) a threat to commit a harmful or offensive contact by one with the apparent present ability to carry out the threat; and (2) an apprehension of an imminent harmful or offensive contact in the mind of the plaintiff. *See Lee v. Pfeifer*, 916 F. Supp. 501, 505-06 (D. Md. 1996). While the first element is measured by a standard of reasonableness, the second element is measured by an entirely subjective standard. *Id.* at 506.

A battery, on the other hand, is the actual *consummation* of a harmful or offensive contact with the person of another. *Mirabile*, 449 A.2d at 1183. In other words, the "elements of the tort of battery consist of the unpermitted application of [a harmful or offensive contact] by one person upon any part of the body of another person." *Johnson v. Valu Food, Inc.*, 751 A.2d 19, 21 (Md. Ct. Spec. App. 2000). To state a claim of battery, one need not allege actual bodily harm, but rather only that an intentional, unpermitted, harmful or offensive contact occurred. *See*

*id.* at 20, 23 (holding that a plaintiff stated a claim for battery where she alleged that a supermarket employee "put her arm around her and led her down the aisle toward the back of the store" after accusing her of shoplifting).

Here, Plaintiffs have alleged that Safeway's security guard grabbed "Shelton's arm with force" and, despite Shelton's repeated denials of any wrongdoing, attempted to lead her away to "another room." These allegations, the Court concludes, are sufficient to demonstrate the plausibility that Safeway's guard effected an offensive, unpermitted contact on Shelton's person. Accordingly, Count V, construed as a claim of battery, is sufficiently pled to survive this stage of the litigation.[9]

### IX.

In their final count, Count VI, Plaintiffs maintain a right to relief under 42 U.S.C. § 1983. Specifically, they assert that Safeway "acted pursuant to an understanding or customary procedure with law enforcement authorities." Safeway argues that this claim fails as a matter of law because Plaintiffs have not properly alleged that Safeway or any person under its control acted "under color of state law." The Court agrees with Safeway.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must also show that the alleged deprivation was committed by a person acting under color of state law. *Allen v. Columbia Mall, Inc.*, 47 F. Supp. 2d 605, 609 (D. Md. 1999) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). In order to act "under color of state law," a person need not actually be an officer of the state. *Id.* at

---

[9] Interestingly, Maryland imposes different statutes of limitations for the related torts of assault and battery. The statute of limitations applicable to an assault claim is one year, *see* Md. Code Ann., Cts. & Jud. Proc. § 5-105 ("An action for assault . . . shall be filed within one year from the date it accrues."), while the limitations period for a battery claim is three years, *see Ford v. Douglas*, 799 A.2d 448, 450 (Md. Ct. Spec. App. 2002) (holding that the statute of limitations for battery is three years).

609. Indeed, one acts under color of state law when he is "jointly engaged" with a state official in the alleged violation. *Id.* (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). However, where a person has no police powers, and where he did not "act[] together with" or "obtain[] significant aid from state officials," he did not act under color of state law within the meaning of § 1983. *See id.* at 609-10 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Moreover, the mere fact that a person may have acted pursuant to a state statute—such as Maryland's shopholder's privilege statute, *see* Md. Code Ann., Cts. & Jud. Proc. § 5-402(a)—is insufficient to render that person a state actor for purposes of § 1983. *Id.* at 609.

In this lawsuit, Plaintiffs conclusorily state that Safeway "acted pursuant to an understanding or customary procedure with law enforcement authorities." They allege no facts that, even if accepted as true, could lead the Court to conclude that Safeway might have acted together with state officials, engaged with state officials, or otherwise obtained aid from state officials. Accordingly, Count VI fails to state a claim upon which relief can be granted and shall be dismissed.

**X.**

At several different points in its Motions for Partial Dismissal, Safeway argues that it cannot be held liable for any actions committed by its security guard because one cannot be held liable for torts committed by an independent contractor. At this stage of the litigation, this argument is unavailing.

Although the rule is riddled with exceptions, it is generally true that a principal may not be held liable for the torts of his independent contractor. *See Rowley v. Baltimore*, 505 A.2d 494, 496 (Md. 1986). That said, a litigant *may* invoke "the doctrine of respondeat superior as a means of holding an employer, corporate or otherwise, vicariously liable for the tortious conduct of an

*employee*, where it has been shown that the employee was acting *within the scope of the employment relationship* at that time." *S. Mgmt. Corp. v. Taha*, 836 A.2d 627, 638 (Md. 2003) (emphasis added).

Although Plaintiffs' Amended Complaint refers on several occasions to Safeway's security guard as an "agent" or "contractor," it also plainly alleges that the guard "was acting within the scope of his/her employment as an . . . employee . . . of the defendant Safeway." Thus, imprecise though it may be, the Amended Complaint at least makes the allegation that the security guard was employed by Safeway, and that he was acting within the scope of his employment as a security guard when he committed the alleged acts at issue. Given that, the Court is satisfied that, for purposes of a motion for judgment on the pleadings, Plaintiffs have alleged facts sufficient to go forward on a respondeat superior theory. The fact that allegations pled in the alternative may not support such a theory is of no moment. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Of course, at later stages of the litigation Plaintiffs will bear the burden of proving—as opposed to merely alleging—the requisite employer-employee relationship between Safeway and its security guard.

## XI.

Finally, the Court must address the fact that, although certain of Plaintiffs' claims will survive judgment on the pleadings, the long-term viability of this lawsuit remains in doubt given Plaintiffs' inactivity over the course of the past several months. As noted *supra*, Plaintiffs have not responded to either of Safeway's Motions for Partial Dismissal, nor have they recently filed papers in this case or given some other recent indication that they plan to continue to prosecute this lawsuit—despite the fact that the Court has twice warned them that they either need to retain

new counsel or *actively* pursue their suit on a *pro se* basis. Indeed, other than Plaintiffs' counsel's Line of Withdrawal dated January 10, 2011, Plaintiffs have not filed papers in this case since November 5, 2010—some six months ago.

Accordingly, the Court will order Plaintiffs to show cause in writing, within 20 days of the date of this Opinion, as to why their lawsuit should not be dismissed with prejudice for failure to prosecute. Should Plaintiffs fail to notify the Court of their intent to diligently proceed with this lawsuit within that timeframe, the Court will issue an order dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b) (noting that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order"); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962) (holding that a district court has the authority to invoke Rule 41(b) *sua sponte*).

### XII.

For all the foregoing reasons, Safeway's Motion for Partial Dismissal [Paper No. 20] and Second Motion for Partial Dismissal [Paper No. 25], construed in tandem as a motion for judgment on the pleadings, are **GRANTED IN PART AND DENIED IN PART**. The Motions are **GRANTED** insofar as the Court dismisses Counts II, III (as to negligence only), IV, and VI of Plaintiffs' Amended Complaint. The Motions are **DENIED** insofar as Counts I (slander), III (as to false arrest or imprisonment only), and V (battery) will go forward. In addition, Plaintiffs are ordered to **SHOW CAUSE** in writing, within **20 DAYS** of the date of this Opinion, as to why their lawsuit should not be dismissed with prejudice for failure to prosecute. Should Plaintiffs fail to notify the Court of their intent to diligently proceed with this lawsuit within 20 days, the Court will issue an order dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

A separate Order will **ISSUE**.

/s/<br>
**PETER J. MESSITTE**<br>
**UNITED STATES DISTRICT JUDGE**

**May 16, 2011**