UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE  
GREENBELT, MARYLAND 20770  
301-344-0632

M E M O R A N D U M

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: <u>Shelton, et al. v. Safeway, Inc.</u>  
Civil Case No. 10-2358

DATE: August 15, 2011

\*\*\*\*\*\*

In this lawsuit, Plaintiffs Crystal Shelton and Eric Dixon allege that they were wrongfully detained and unjustifiably accused of shoplifting in a supermarket in District Heights, Maryland. On May 16, 2011, the Court issued an Opinion and Order [Paper Nos. 28 & 29] that dismissed Counts II, III (as to negligence only), IV, and VI of Plaintiffs' Amended Complaint, while permitting Counts I (slander), III (as to false arrest or imprisonment only), and V (battery) to go forward.

On June 3, 2011, Defendant Safeway, Inc. ("Safeway") filed a Motion for Partial Judgment on the Pleadings [Paper No. 32], in which it argues that Count I (slander) of the Amended Complaint is barred by limitations. Although Plaintiffs' response to Safeway's Motion was due on June 20, 2011, they have yet to file papers or otherwise respond to the Motion—despite the Court's recent warning that, if they failed to respond by July 11, 2011, the Court would rule on Safeway's Motion without their input.[1] *See* Memorandum Order of July 1, 2011 [Paper No. 35]. Consistent with its prior Order, the Court will now consider, and rule on, Safeway's Motion.[2]

As Safeway notes in its Motion, Maryland law imposes a one-year statute of limitations on slander claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105 ("An action for assault, libel, or slander shall be filed within one year from the date it accrues."). The limitation is strictly construed. *See Henderson v. Claire's Stores, Inc.*, 607 F. Supp. 2d 725, 730 (D. Md. 2009) (citing *Hecht v. Resolution Trust Corp.*, 635 A.2d 394, 399 (Md. 1994)).

---

[1] Although Plaintiffs went unrepresented in this case for a period of several months, counsel entered an appearance on their behalf on July 12, 2011. Given that Plaintiffs now have assistance of counsel, their continued failure to respond to Safeway's Motion is all the more perplexing.

[2] Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c).

-1-

According to Plaintiffs' Amended Complaint, all of the alleged wrongful conduct at issue in this case occurred on April 14, 2008. Plaintiffs initiated this lawsuit in the Circuit Court for Prince George's County, Maryland on August 9, 2010—nearly 28 months after the occurrence of the alleged wrongful conduct, and thus nearly 16 months after the expiration of the one-year limitations period. Given this, the Court must agree with Safeway that Plaintiffs' slander claim is barred by limitations.

Accordingly, Safeway's Motion for Partial Judgment on the Pleadings [Paper No. 32] is **GRANTED**, and Count I (slander) of Plaintiffs' Amended Complaint is hereby dismissed.[3] A separate Scheduling Order will **ISSUE**.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] At this point, the only Counts that remain in the case are Counts III (as to false arrest or imprisonment only) and V (battery).